UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LESLIE DREYER,**<br>**Individually and on behalf of all others similarly situated,**<br><br>　　　　　　　　　　**Plaintiff,**<br>　　v.<br><br>**3C INDUSTRIAL, LLC,**<br><br>　　　　　　　　　　**Defendant.** | Case No.<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(B)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Leslie Dreyer ("Dreyer")—brings this action individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendant—3C Industrial, LLC ("3CI")—anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.　　This is a collective action to recover overtime wages and liquidated damages under the FLSA.

2.　　Plaintiff and the Putative Collective Members are those similarly situated persons who worked for 3CI, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal law.

3. Plaintiff and the Putative Collective Members regularly worked (and continue to work) in excess of forty (40) hours per week.

4. During the relevant time period, 3CI knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

5. Specifically, 3CI's regular practice—including during weeks when Plaintiff and the Putative Collective Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to require all of its hourly employees to complete a series of online training modules—known as the Grant Cardone series—off-the-clock.

6. In addition to requiring hourly employees to complete mandatory training off-the-clock, 3CI also requires its hourly employees to handle after hours calls off-the-clock.

7. The effect of 3CI's practice was (and is) that all time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid; thus, 3CI failed to properly compensate Plaintiff and the Putative Collective Members for all of their hours worked and, as a result, failed to properly calculate Plaintiff and the Putative Collective Members' overtime under the FLSA.

8. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Dreyer was employed by 3CI during the relevant time period. Plaintiff Dreyer did not receive compensation for all hours worked nor the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former employees who were employed by 3CI, anywhere in the United States, at any time from November 11, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13. Defendant 3C Industrial, LLC is a Texas For-Profit Corporation, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Douglas M. Francis Jr., 8238 Leopard Street, Corpus Christi, Texas 78409.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has general and specific personal jurisdiction over 3CI because Texas qualifies as its home state and because the claims against 3CI arose within this District as a result of 3CI's conduct within this District and Division.

16. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

---

[1] The written consent of Leslie Dreyer is attached hereto as Exhibit "A."

17. Specifically, Plaintiff Dreyer worked for 3CI in Corpus Christi, Texas and 3CI's headquarters is in Corpus Christi, Texas—all of which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

18. 3CI provides industrial compressed air solutions to its customers in Texas.[2]

19. To provide its services, 3CI employed (and continues to employ) numerous non-exempt employees—including Plaintiff and the Putative Collective Members.

20. Plaintiff Dreyer worked for 3CI from approximately July 2023 until June 2024 as a Service Coordinator.

21. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22. Plaintiff and the Putative Collective Members are (or were) employed by 3CI for the three years preceding the filing of this Complaint through the final disposition of this matter.

23. Plaintiff and the Putative Collective Members were responsible for assisting 3CI's customers.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as 3CI) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

25. During their employment with 3CI, Plaintiff and the Putative Collective Members typically worked five (5) days a week, and approximately eight and a half (8.5) to ten (10) hours per day.

26. On average, Plaintiff and the Putative Collective Members worked between forty-two-and-a-half (42.5) hours and fifty (50) hours per workweek.

---

[2] https://3cindustrial.net/3c-industrial-company-overview/

27. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of 3CI resulting in the complained of FLSA violations.

28. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, in that they all assisted 3CI's customers with compressed air solutions.

29. Plaintiff and the Putative Collective Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and are not paid for time spent completing mandatory training courses or for handling after hours calls.

30. Plaintiff and the Putative Collective Members are similarly situated with respect to the policies (and practices) of 3CI resulting in the complained of FLSA violations.

## Unpaid Grant Cardone Training Courses

31. 3CI has a policy wherein it requires the Plaintiff and the Putative Collective Members to complete the Grant Cardone online training modules off-the-clock.

32. 3CI pays for access to the Grant Cardone online training modules and requires all of its hourly employees, regardless of position, to complete the training modules.

33. Failure to complete the modules will affect the Plaintiff and Putative Collective Members' employee reviews and could lead to disciplinary actions.

34. 3CI managers monitor the Plaintiff and Putative Collective Members' progress and ensure they are actively completing the modules.

35. Notably, 3CI does not consider the time spent completing the mandatory training as work and does not pay the Plaintiff and the Putative Collective Members for the time spent completing the modules.

36. Plaintiff Dreyer complained to her 3CI manager that the time spent completing the mandatory training modules should be considered work and be paid.

37. 3CI ignored Plaintiff Dreyer's complaints and refused to pay her and the other Putative Collective Members for the time spent completing the training modules.

38. Plaintiff Dreyer often worked five (5) hours off-the-clock each week completing the mandatory training modules.

**Unpaid Post-Shift Calls**

39. 3CI also has a policy requiring the Plaintiff and the Putative Collective Members to handle after hours calls off-the-clock.

40. Specifically, 3CI requires at least one employee—Plaintiff and the Putative Collective Members—to be "on-call" after the office closes at 5:00 p.m.

41. The on-call employee is required to answer any call made to 3CI after hours immediately.

42. The after-hours calls include calls made by customers to schedule service or maintenance or calls made by 3CI employees to request service for customers.

43. The after-hours calls can last anywhere from ten (10) minutes to over two (2) hours.

44. Although the Plaintiff and the Putative Collective Members are clearly working when handling calls, 3CI does not consider this time as compensable and does not pay the Plaintiff and the Putative Collective Members for the hours spent handling after-hours calls.

45. 3CI's systematic failure to pay all hours worked by the Plaintiff and the Putative Collective Members resulted (and continues to result) in Plaintiff and the Putative Collective Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

46. As a result of 3CI's failure to compensate Plaintiff and the Putative Collective Members for all hours worked, Plaintiff and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

47. 3CI knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

48. 3CI knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

49. Because 3CI did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, 3CI's pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

50. The foregoing paragraphs are incorporated as though fully set forth herein.

51. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES WHO WORKED FOR 3C INDUSTRIAL, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM NOVEMBER 11, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

52. At all material times, 3CI has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53. At all material times, 3CI has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

54. At all material times, 3CI have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. Specifically, 3CI operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

56. During the respective periods of Plaintiff and the FLSA Collective Members' employment by 3CI, these individuals provided services for 3CI that involved interstate commerce for purposes of the FLSA.

57. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 207(a).

58. Specifically, Plaintiff and the FLSA Collective Members traveled on interstate highways and used goods, tools, and materials purchased in interstate commerce. 29 U.S.C. § 203(j).

59. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

60. The proposed collective of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in ¶ 51.

61. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of 3CI.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

62. 3CI has violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

63. Moreover, 3CI knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

64. 3CI is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

65. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less knowledgeable employees who trusted 3CI to pay them according to the law.

66. The decisions and practices by 3CI to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

67. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

68. The foregoing paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of 3CI's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

70. Other similarly situated employees of 3CI have been victimized by 3CI's patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective Members are defined in ¶ 51.

72. 3CI's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of 3CI, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

73. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

75. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and 3CI will retain the proceeds of its rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 51 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

80. Plaintiff respectfully prays for judgment against 3CI as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 51 and requiring 3CI to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding 3CI liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

   g. For an Order awarding Plaintiff Dreyer a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of 3CI, at 3CI's expense, should discovery prove inadequate; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   November 11, 2024                Respectfully submitted by:

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*